UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TALWINDER SINGH
(A-Number: 246-767-574),

Petitioner,

v.

CHRISTOPHER CHESTNUT, California City Detention Facility; SERGIO ALBARRAN, Field Office Director of Enforcement and Removal Operations, San Francisco Field Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA JO BONDI, United States Attorney General,

Respondents.

No. 1:26-cv-00983-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN SEVEN (7) DAYS

Doc. 1

Petitioner Talwinder Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 5.  The Court has previously addressed the legal issues raised by claims one and four of the petition—that the Due Process Clause requires a bond hearing when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained on the grounds that he is subject to 8 U.S.C. § 1225(b)(2)(A).  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-

1

KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 7. Respondents state that they reviewed those cases and "agree[] that there are no factual or legal issues in this case that render it substantively distinct from the Court's prior orders." Doc. 8 at 3.[1]

Respondents note, however, that an immigration judge held a bond hearing for petitioner and ruled that she did not have jurisdiction based on *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025). *See* Doc. 8-1 at 1. Respondents argue that petitioner should be required to prudentially exhaust his administrative remedies by seeking review of this ruling at the Board of Immigration Appeals ("BIA"). *Id.* at 2–3. Considering *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), requiring petitioner to seek administrative review of the immigration judge's ruling that she was without jurisdiction would be futile. The Court therefore waives the prudential exhaustion requirement. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (explaining that a court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.").

The immigration court judge stated that, "[i]n the alternative, Respondent is a flight risk such that no amount of bond or conditions would secure his future Court appearances." *Id.* Petitioner argues that, to the extent the immigration judge made a determination on the merits of

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 8 at 3. But here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger. The issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

his request for bond, that determination did not comply with due process because the immigration judge placed the burden on him to prove that he was a flight risk or danger to the community, and the burden should have been on the government.  Doc. 10 at 5–6.

The Court agrees with petitioner.  When a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence.[2]  *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).[3]  Courts have required that the burden be on the government because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025).  "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of

---

[2] In contrast, a bond hearing under 1226(a) places the burden on the noncitizen to show that he is not a flight risk or danger to the community at an initial custody determination.  *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); 8 C.F.R. § 1236.1(c)(8).

[3] *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), does not foreclose petitioner's due process claim.  There, the court upheld § 1226(a)'s procedures as applied at an initial custody determination.  As another court explained in a similar case involving a noncitizen who was released from detention pursuant to § 1226(a) and subsequently re-detained without bond, *Rodriguez Diaz* "is inapposite" here.  *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025).  "Unlike the petitioner in *Rodriguez Diaz*, [the petitioner] was initially released" following a finding that she was not a flight risk or danger "and has remained released for years." *Id.*  "*Rodriguez Diaz* therefore does not limit the Due Process rights of those petitioners whom the government had already voluntarily released." *Id.*; *see Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

providing a justification for the re-detention." *Id.*  The Court will therefore order respondents to provide petitioner with a bond hearing where the government bears the burden of proving that petitioner is a flight risk or danger by clear and convincing evidence.[4]

As respondents have not identified any other factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claims one and four, for the reasons addressed in those prior orders.[5]

Respondents are ORDERED to provide petitioner Talwinder Singh  (A-Number: 246-767-574) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within seven days, then respondents must release him.

///

///

///

///

///

---

[4] Petitioner requests his immediate release subject to a pre-deprivation bond hearing, rather than a post-deprivation bond hearing. *See* Doc. 13 at 3–5.  Given the immigration judge's alternative finding that petitioner was a flight risk, the Court declines to order petitioner's immediate release.

[5] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claims one and four.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   April 7, 2026

_____
UNITED STATES DISTRICT JUDGE

5